WALDO R. CUTTER *vs.* EDWARD H. CUTTER & another.

Middlesex.    December 4, 1912. — May 24, 1913.

Present: RUGG, C. J.; HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Estoppel. Partition.*

Where, after the death intestate of the owner of several parcels of real estate, a son of the intestate files and prosecutes in the Probate Court a petition for the partition of the real estate among the heirs, and in the course of the proceedings before commissioners appointed to make the partition makes no claim to a barn upon one of the parcels of land which he has a right to remove as

personal property, and, by reason of his making no such claim, the commissioners make a decree, to which he assents, setting off the parcel upon which the barn stands and the barn and other buildings thereon to another of the heirs and assigning a separate value to the land and to the buildings as real estate, such son thereafter is estopped, as against the heir to whom such parcel was set off, to deny that the barn is a part of the real estate and passed under the decree of partition.

LORING, J. This is a bill in equity to enjoin the defendants from removing from the plaintiff's land a barn which the defendants contend was personal property by force of the agreement under which it was built.

The barn was built in 1891 by three sons of Cyrus H. Cutter. Cyrus H. Cutter then owned the land on which the barn was built, and he gave to these three sons, who were partners in market gardening, a right to occupy his land in consideration of their paying the taxes on it and taking care of him and his wife so long as they lived. As we construe his findings, the judge who heard the case* did not find it necessary to decide whether the agreement under which the barn was built did or did not make it personal property. The three sons who were partners were George, who died in 1898, Charles, who died in 1909, and the defendant Edward H. Cutter. The plaintiff was a fourth son who was in the west when the barn was built. About a year after Charles died the defendant Edward Cutter brought a petition for partition of the land of the father. The commissioners appointed to make partition set off to the plaintiff in this suit *inter alia* a lot known as the "Cutter Homestead." The "Cutter Homestead" was the land on which the barn here in question stood, together with other buildings. It is described by the commissioners as "containing fifteen (15) acres, thirty nine (39) rods more or less," and was appraised by them "for the sum of fourteen thousand dollars (land ten thousand six hundred dollars and buildings thrity [*sic*] four hundred)." The judge made these findings: "In the course of the hearings had upon the said petition no claim was made by Edward H. Cutter that this building was personal estate or belonged to the partnership. The commissioners therefore appraised it as real estate, and made a decree as to the value of such real estate in accordance with the situation as disclosed by the evidence

---

* *Hardy*, J. A final decree was entered granting the injunction sought by the plaintiff, and the defendants appealed.

and with reference to the fact that no claim was made that it was personal estate. " "The decree of partition was assented to by the respondent Edward H. Cutter." "Although I can find upon the evidence in this case that this was originally considered as personal property and might have been removed from the premises without serious or irreparable injury to the estate, yet I find upon all the evidence that Edward H. Cutter was estopped by his conduct in connection with the original appraisal of the estate of Charles H. Cutter,* as well as by his silence in connection with the partition of the real estate of Cyrus H. Cutter, last referred to, from making any claim to the building in question."

As we interpret this finding the judge who heard the case did not find it necessary (as we have already said) to decide whether the agreement under which the barn was erected provided that it should be personal property because he made the findings above set forth. One of the commissioners to make partition testified that the defendant Edward H. Cutter was present at the hearings of the commissioners and that there was a discussion at these hearings as to the buildings on the "Cutter Homestead" lot and the value of them, and that there was no suggestion that any building on that lot was personal property.

After an examination of the evidence on which the case was decided we affirm the finding as to an estoppel arising out of the partition proceedings.

It is not necessary to consider the other questions argued.

The result is that the decree must be affirmed with costs.

<em>So ordered.</em>

*J. Cummings,* for the defendants.

*W. R. Buckminster,* (*A. J. Wellington* with him,) for the plaintiff.

---

* The judge's finding regarding conduct of the defendant Edward H. Cutter as to the appraisal of the estate of his brother and former partner, Charles H., was as follows:"In the course of the administration of the estate of Charles, above named, the appraisers attempted to assess the value of the personal estate belonging to Charles and connected with such partnership. In the course of said appraisal no claim was made by Edward H. Cutter, although he was present at some meeting or meetings of the appraisers in connection with the same, that this building in question was a part of the personal estate of Charles Cutter, and no such claim was made by him in any manner, although the inquiry was made of him as to whether there was any other personal property other than that which the appraisers acted upon."